DECLARATION OF DAIVID KOWAL

I, David Kowal, hereby declare and state, as follows:

1. I am an Assistant United States Attorney (AUSA) for the Central District of California. I and AUSA Jennifer Y. Chou represent the government in this matter concerning defendant William N. Pena ("defendant" or "Pena") and co-defendant Simon, 22-CR-366-GW.

2. I provide this declaration in support of the Government's to defendant's motion to exclude Rule 404(b) evidence and expert testimony. (Dkt. 102).

3. On October 7, 2022, I produced discovery defendant Pena's counsel on October 7, 2022, as reflected in the cover letter attached hereto as Exhibit 1. This discovery production to defendant included the following items:

   a. Exhibit 2 hereto: A report from media collection specialist Cheng describing how he had extracted data from co-defendant Simon's cell phone using the Cellebrite software tool and provided the data from the phone to the ATF case agent, SA Holden, for further search.

   b. ATF SA Holden's report summarizing the pertinent evidence he seized thereafter from Simon's phone including conversations between Simon and Pena regarding firearms sales.

   c. The raw data and related detailed reports reflecting the information seized from Simon's phone.

   d. Exhibit 3 hereto: An ATF expert report opining on how a firearm sold by Simon to law enforcement during an undercover operation qualified and a machine gun under federal law.

   e. Exhibit 4 hereto: An ATF expert report opining on how items obtained from law enforcement in undercover operation with co-

defendant Simon qualified as silencers are firearms under federal law.

4. On November 30, 2022, I produced discovery to defendant Pena's counsel. This discovery production to defendant Pena included the following items:

    a. Exhibit 5 hereto: A report by computer forensic examiner Mitchell describing how he had accessed defendant Pena's cell phone and extracted data from it using Cellebrite software.

    b. Exhibit 6 hereto: ATF SA Holden's report ("ROI 46") summarizing the pertinent evidence he seized thereafter from Pena's phone.

    c. Exhibit 7 hereto: My cover letter to Pena's counsel which included notice under Rule 404(b) regarding the evidence summarized in ROI 46. At no point since I provided this Rule 404(b) notice on November 30, 2022 has Pena's counsel asked for further detail or information regarding the notice or the evidence supporting it that was produced that day and following day.

5. Later, on November 30, 2022, at his request, I sent defendant Pena's counsel an email outlining some of the pertinent evidence against Pena, Exhibit 8 hereto. This email included examples from ROI 46 (which was attached to the email) showing that evidence on Pena's phone showed him communicating with people about the firearms and firearms deals charged in the indictment in this case.

6. The following day, on behalf of the government, I caused to be produced additional discovery to Pena's counsel. As described in the cover letter, Exhibit 9 hereto, this production included all the evidence seized by SA Holden from defendant Pena's phone,

2

including, but not limited to, the material as summarized in SA Holden's ROI 46, produced on November 30, 2022.

7. On March 14, 2023, the Court continued the trial in this matter to June 6, 2023. (Dkt. 85). Since that time, the government has been attempting to collect information for expert disclosure reports. However, the case agent and I have learned that several of the experts the government used during the investigation of this case are no longer for trial. This includes the following:

8. The ATF experts who produced the machine gun designation in Exhibit 3 and the silencer designation in Exhibit 4 were unavailable for trial. Accordingly, the government had the firearms in those reports re-examined by a new expert who would be available to testify. The report of the new expert, Rondal Bliegh, is attached hereto as part of Exhibit 10. Its analysis and conclusion are substantially similar to those in the earlier reports in Exhibits 3 and 4. It is being produced as part of expert notice pursuant to Fed. R. Crim. Pro 16 concurrently with the filing of this opposition.

9. In March, 2023, I began collecting information for an expert disclosure for media collection specialist Cheng, who produced Exhibit 2 regarding the data extraction on Simon's phone. However, during that process I learned that he was unavailable for weeks surrounding the new trial date.

10. In March, 2023, I also began collecting information for an expert discloser report from computer forensic examiner Mitchell, who extracted date from Pena's phone and produced Exhibit 5. However, approximately 10 days ago, I learned from the case agent that Mitchell was schedule to undergo surgery for late-stage cancer, and is not currently working. The case agent has tried to contact

3

forensic examiner Mitchell several times over the last two weeks, up through and including today, to see if this expert would be eventually returning to work and/or to testify in this case. However, the agent has not been able to reach the Mitchell or learn about his availability.  As a result, the case agent and I have begun to look for a substitute expert to potentially testify about the Cellebrite software and extracting data from cellular telephones.

    I declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief.

Date: May 2, 2023.

                                                        /s/
                                  DAVID KOWAL
                                  Assistant United States Attorney